## No. 4643.

MAGDALENA LAICHER, TUTRIX. CHRISTOPH LAICHER, CO-TUTOR, vs. NEW ORLEANS, JACKSON, AND GREAT NORTHERN RAILROAD COMPANY.

The fault in not fixing the return day is not attributable to the appellant. It was an error of the judge, and the appeal can not be dismissed on account thereof.

It is well settled that where there is contributive negligence, damages can not be recovered. In this case, conceding there was a want of proper prudence and care on the part of the employees of the company in giving the usual signals of the approach of the train, which is not clearly established, still the negligence of him in whose behalf damages are claimed contributed to the unfortunate result and precludes him from recovery.

APPEAL from the Second Judicial District Court, parish of Jefferson. *Pardee*, J. Jury trial. *W. B. Hyman, N. Commandeur*, and *C. W. Besançon*, for plaintiff and appellee. *L. E. Simonds*, for defendant and appellant.

### ON MOTION TO DISMISS.

WYLY, J. The plaintiff moves to dismiss this appeal because the transcript was not filed in this court within three judicial days from the return day.

It appears that on the twentieth of December, 1872, the defendant filed a petition for appeal, and the judge, in granting the order, omitted to fix a return day. Subsequently, to wit: on the eighth of March, 1873, he made an order fixing the return day on the third Monday of March, 1873, at which time the transcript was filed in this court.

Magdalena Laicher vs. New Orleans, Jackson, and Great Northern Railroad Co.

The fault in not fixing the return day is not attributable to the appellant. It was an error of the judge, and the appeal can not be dismissed on account thereof. Revised Statutes of 1870, section 36.

The motion to dismiss is therefore denied. 10 An. 779.

---

## ON THE MERITS.

TALIAFERRO, J. This suit is brought to recover damages for serious injuries received by the plaintiff's son, a youth about twenty years of age, from being struck by a car of a freight train passing over the road, the accident having arisen, as plaintiff alleges, from the gross carelessness and fault of the officers and employees of the company, and for which the company is now sought to be made liable. Judgment is prayed for the sum of twenty-five thousand dollars.

The answer is a general denial. The case was tried before a jury, who awarded the plaintiff damages to the amount of two thousand dollars.

As usual, in cases of this sort, the testimony is conflicting. The facts seem to be that the plaintiff's son, who was to some extent deaf, was walking on the railroad track outside the rails, stepping from one crosstie to another, when the train was approaching him from behind, and was struck with great violence, knocked over, and rendered unconscious and insensible, having received a severe wound on the head, the scalp on the back part of the head being cut from four to six inches in length. The surgeon who was called in testified that he dressed the wounds, and in a few days the patient was able to be up and to get about, but that his condition was semi-idiotic; he was unable to hear, except when spoken to in a loud tone of voice, and remained in that state for a long time after the accident, the probabilities being that the injuries received would be permanent.

At the time of the accident there were upon the track and near the unfortunate person who was so badly hurt several laborers called section-men, who, upon the approach of the cars, got off the track; there were two children, also, near, at play on the track, who were caught up and taken off by some of the men out of danger of the train which was nearing at the time at the rate of about seven miles per hour. The young man who was struck seemed to have not known of the approach of the train, and made no effort to get off the track. Some of the witnesses say that no signal was given by the engineer that the train was coming, while the engineer himself swears that he saw the section-men and saw a young man passing across the track; that he had been whistling and giving signals "for all of a quarter of a mile." Two other witnesses say that signals were given before the boy was struck.

We think it clear from all the evidence that there was negligence on

the part of the young man in walking along the cross-ties and taking no care to look back or get off the track. It is shown that he had labored under the infirmity of deafness, and this shows further a want of care and prudence on his part to expose himself to the danger of being run over. One of the witnesses states that "we tried to get to him and get him off, but he would not look up nor get off, and never raised his head."

It is well settled that where there is contributive negligence damages can not be recovered. In this case, conceding that there was a want of proper prudence and care on the part of the employees of the company in giving the usual signals of the approach of the trains, which is not clearly established, still the negligence of him in whose behalf damages are claimed contributed to the unfortunate result and precludes him from recovering.

It is therefore ordered that the judgment appealed from be annulled and reversed. It is further ordered that there be judgment in favor of the defendant, with costs in both courts.